# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ALEXANDER OSORIO | § | Case No. 11-34266 |
| SANTOS P OSORIO | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on
    . The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                          $

       Funds were disbursed in the following amounts:

       Payments made under an interim disbursement
       Administrative expenses
       Bank service fees
       Other payments to creditors
       Non-estate funds paid to 3rd Parties
       Exemptions paid to the debtor
       Other payments to the debtor

       Leaving a balance on hand of[1]                          $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was __. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____ By:/s/Joji Takada_____
                                     Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 11-34266 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada |
|---|---|---|---|---|---|---|
| Case Name: | ALEXANDER OSORIO | | | | Date Filed (f) or Converted (c): | 08/22/2011 (f) |
| | SANTOS P OSORIO | | | | 341(a) Meeting Date: | 09/19/2011 |
| For Period Ending: | 09/06/2012 | | | | Claims Bar Date: | 03/21/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) DA=554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. LOCATION: 1611 STATON LANE, | 242,000.00 | 0.00 | | 0.00 | FA |
| 2. 7634 KILCREGGAN TERRACE, GAITHERSBURG MD 20899 | 240,000.00 | 0.00 | | 0.00 | FA |
| 3. 557 E NEW YORK AVENUE, AURORA | 99,000.00 | 0.00 | | 0.00 | FA |
| 4. BANK OF AMERICA CHECKING AND SAVINGS | 1,000.00 | 0.00 | | 0.00 | FA |
| 5. MISC FURNITURE AND APPLIANCES | 3,000.00 | 0.00 | | 0.00 | FA |
| 6. NECESSARY CLOTHING | 300.00 | 0.00 | | 0.00 | FA |
| 7. PERSONAL INJURY CLAIM HANDLED BY JOHN J. MALM 17 | 15,000.00 | 0.00 | | 98,500.00 | FA |
| 8. 1995 HONDA ACCORD | 1,000.00 | 0.00 | | 0.00 | FA |
| 9. 1996 TOYOTA CORROLA | 1,000.00 | 0.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)      $602,300.00      $0.00      $98,500.00      $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

| | | | |
|---|---|---|---|
| RE PROP # | 1 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 2 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 3 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 4 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 5 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 6 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 7 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 8 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 9 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |

Initial Projected Date of Final Report (TFR): 08/22/2013      Current Projected Date of Final Report (TFR): 08/22/2013

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 11-34266 | Trustee Name: Joji Takada |
| Case Name: ALEXANDER OSORIO | Bank Name: Congressional Bank |
| SANTOS P OSORIO | Account Number/CD#: XXXXXX6963 |
| | Checking Account |
| Taxpayer ID No: XX-XXX0744 | Blanket Bond (per case limit): |
| For Period Ending: 09/06/2012 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/16/12 | 7 | Allstate | Settlement funds<br>Settlement of personal injury claim | 1129-000 | $98,500.00 | | $98,500.00 |
| 05/21/12 | 1001 | Alexander Osorio<br>1611 Staton Lane<br>Plainfield, Illinois 60586 | Settlement funds<br>Debtor's exemption in personal injury settlement | 8100-002 | | $15,000.00 | $83,500.00 |
| 05/21/12 | 1002 | John J. Malm<br>1730 Park Street, Suite 210<br>Naperville, Illinois 60563 | Administrative Expense<br>Special counsel fee regarding persona injury settlement | 3210-000 | | $33,124.47 | $50,375.53 |
| 05/29/12 | 1003 | INTERNATIONAL SURETIES<br>701 Poydras St Suite 420<br>New Orleans, LA 70139 | Blanket Bond Premium | 2300-000 | | $7.54 | $50,367.99 |
| 07/23/12 | 1004 | Advanced Physicians, SC<br>16101 Weber Road<br>Crest Hill, Illinois 60403 | Payment to Compromise | 4220-000 | | $4,000.00 | $46,367.99 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $98,500.00 | $52,132.01 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $98,500.00 | $52,132.01 |
| Less: Payments to Debtors | $0.00 | $15,000.00 |
| Net | $98,500.00 | $37,132.01 |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 5)*  Page Subtotals: $98,500.00  $52,132.01

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX6963 - Checking Account | $98,500.00 | $37,132.01 | $46,367.99 |
|  | $98,500.00 | $37,132.01 | $46,367.99 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $0.00 |
|---|---|
| Total Net Deposits: | $98,500.00 |
| Total Gross Receipts: | $98,500.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:11-34266-BWB  
Debtor Name: ALEXANDER OSORIO  
Claims Bar Date: 3/21/2012  

Date: September 6, 2012

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $7,425.00 | $7,425.00 |
| 100 2200 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $0.00 | $0.00 |
| 100 2300 | INTERNATIONAL SURETIES<br>701 Poydras St Suite 420<br>New Orleans, LA 70139 | Administrative | | $0.00 | $7.54 | $7.54 |
| 100 3210 | Frank Gecker LLP<br>325 North LaSalle #625<br>Chicago, Illinois 60654 | Administrative | | $0.00 | $0.00 | $9,678.00 |
| 100 3210 | John J. Malm<br>1730 Park Street, Suite 210<br>Naperville, Illinois 60563 | Administrative | | $33,124.47 | $0.00 | $33,124.47 |
| 100 3220 | Frank Gecker LLP<br>325 North LaSalle Street<br>Suite 625<br>Chicago, IL 60654 | Administrative | | $0.00 | $0.00 | $192.20 |
| 1 300 7100 | Atlas Acquisitions LLC<br>294 Union St.<br>Hackensack, NJ 07601 | Unsecured | | $11,466.00 | $12,045.92 | $12,045.92 |
| 2 300 7100 | CHASE BANK USA N.A<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $354.00 | $354.57 | $354.57 |
| 4 300 7100 | Powder Mill, LLC<br>c/o Benjamin A Klopman<br>216 North Adams Street<br>Rockville, MD 20850 | Unsecured | | $55,211.96 | $55,211.96 | $55,211.96 |

Page 1    Printed: September 6, 2012

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:11-34266-BWB  
Debtor Name: ALEXANDER OSORIO  
Claims Bar Date: 3/21/2012  

Date: September 6, 2012

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 5 300 7100 | CACH, LLC<br>SquareTwo Financial<br>4340 S. MONACO ST, 2ND FLOOR<br>DENVER, CO 80237 | Unsecured | | $23,349.00 | $23,349.41 | $23,349.41 |
| 6 300 7100 | GE Capital Retail Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $2,837.00 | $2,837.13 | $2,837.13 |
| 7 300 7100 | GE Capital Retail Bank<br>GE Capital Retail Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $2,417.00 | $2,417.99 | $2,417.99 |
| 8 300 7100 | GE Capital Retail Bank<br>GE Capital Retail Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $102.00 | $102.81 | $102.81 |
| 400 4220 | SC Advanced Physicians<br>16101 Weber Road<br>Crest Hill, Illinois 60403 | Secured | | $0.00 | $24,580.00 | $4,000.00 |
| | Case Totals | | | $128,861.43 | $128,332.33 | $150,747.00 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-34266
Case Name: ALEXANDER OSORIO
          SANTOS P OSORIO
Trustee Name: Joji Takada

Balance on hand      $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| | SC Advanced Physicians | $ | $ | $ | $ |

Total to be paid to secured creditors      $_____

Remaining Balance      $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |
| Attorney for Trustee Fees: Frank Gecker LLP | $ | $ | $ |
| Other: Frank Gecker LLP | $ | $ | $ |
| Other: INTERNATIONAL SURETIES | $ | $ | $ |
| Other: John J. Malm | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses      $_____

Remaining Balance      $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Atlas Acquisitions LLC | $ | $ | $ |
| 2 | CHASE BANK USA N.A | $ | $ | $ |
| 4 | Powder Mill, LLC | $ | $ | $ |
| 5 | CACH, LLC | $ | $ | $ |
| 6 | GE Capital Retail Bank | $ | $ | $ |
| 7 | GE Capital Retail Bank | $ | $ | $ |
| 8 | GE Capital Retail Bank | $ | $ | $ |

Total to be paid to timely general unsecured creditors       $_____

Remaining Balance       $_____

  Tardily filed claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be         percent.

  Tardily filed general (unsecured) claims are as follows:

NONE

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be         percent.

  Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE